JUDGE PHILIP MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED 2007 JUL -9 PM 4:31

)  Craig Cunningham, Pro Se
)  Plaintiff
)
)      v.                          **COMPLAINT**
)                                  **CIVIL ACTION NO.**
)
)  Alliance one, Inc. Andy Grace,
)  International Fidelity Insurance Company,
)  and John and/or Jane Does 1-15
)  Defendants

**EP07CA0244**

**Parties**

1. The name of the plaintiff is Craig Cunningham (hereinafter "plaintiff CUNNINGHAM). The mailing address is PO Box 220158, El Paso, Tx 79912. Plaintiff Cunningham is a natural person who resides here in the city of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C 1692a(3) and the Texas Finance Code 392.001(6).

2. Defendant Alliance One, Inc (Hereinafter "Defendant Alliance") is a Pennsylvania corporation and a debt collector, as the term is defined by 15 U.S.C 1692a(6) and the Texas Finance Code Section 392.001(6), and is operating from an address of 717 Constitution Dr. Ste. 202, Exton, PA 19341.

3. Upon information and belief, Andy Grace is an executive for the corporation, Alliance One, Inc. at all times relevant to this complaint.

4. Upon information and belief, Defendant, John Doe's 1-8 (Hereinafter "Collectors), are natural persons employed by Defendant Alliance as a Debt Collectors, as the term is defined by 15 U.S.C 1692a(6) and the Texas Finance Code 392.001(6) at all times relevant to this complaint. John Does 9-15 are the supervisors of the John Does 1-8.

5. Upon information and belief, International Fidelity and Insurance Company holds a surety bond for Defendant Alliance at all times relevant to this complaint.

**Jurisdiction**

1

6. Jurisdiction of this court arises under 28 U.S.C 1331 and pursuant to 15 U.S.C 1692k(d), and pursuant to 28 U.S.C 1367 for pendent state law claims.
7. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## FACTUAL ALLEGATIONS

8. The plaintiff hereby repeats and re-alleges and incorporates by reference the foregoing paragraphs.
9. Defendant Alliance One and CEO Andy Grace are vicariously liable for the actions of their employees in their roles as employer and executive for said employer, respectively.
10. Defendant Alliance One and the employees are jointly and severally liable.
11. On or about July 3rd, 2006, Plaintiff Cunningham received an initial collection letter and subsequent call from Defendant Alliance, asking for payment the amount of $307.80, inclusive of a "collection fee" roughly $46.95. During the initial call, Plaintiff Cunningham disputed the debt verbally and indicated receiving any phone calls was inconvenient.
12. This alleged debt had also already been disputed with the alleged original creditor, Verizon in accordance with the Fair Credit Billing act. Despite disputing the debt with Defendant Alliance and citing the inconvenience of phone calls, subsequent phone calls and collection attempts were made from Defendant Alliance to Plaintiff Cunningham.
13. Plaintiff Cunningham disputed the debt in writing, pursuant to the Fair Debt Collection Practices Act (Herein: FDCPA) and on or about July 14, 2006 a dispute letter and request for validation was received by Defendant Alliance from Plaintiff Cunningham.
14. As of August 18, 2006, no form of validation, verification, or proof of any kind has been received by Plaintiff Cunningham from Defendant Alliance.

15. The legal requirement for validation and handling disputes according to the FDCPA is that the collector ceases collection efforts until validation is obtained and forwarded to the consumer.

16. The legal requirement according to the Texas Finance code, section 392 is that the debt collector must cease all collection efforts, begin an investigation, this investigation will be completed within 30 days, and the investigation results be sent to the consumer.

17. At no point in time from the initial call through the next 90 days was anything received by Plaintiff Cunningham by Verizon Wireless substantiating the account, nor Alliance one. No contracts, no statements, or anything other than their representations, which apparently have no basis that they are willing or able to produce.

18. Despite citing the inconvenience of receiving calls from Defendant Alliance in the initial call, subsequent calls were made from John Doe #1. This violates the FDCPA as it is continued collection activity prior to providing validation. This behavior also violates the Texas Finance Code, since at the time no investigation has been started or finished, yet the John Doe persisted in collection activity.

19. During the July-August timeframe, in several calls, collectors for Alliance one and Defendant Alliance violated the FDCPA and Texas Finance code section 392 based on the actions, statements, errors, and omissions.

20. In the initial letter, John Doe #2 violated 15 USC 692(f)(1) and 15 USC 1692(e)(2) by making two false or misleading representations about the amount of the debt, attempting to collect an unauthorized fee not incident to any actual work performed, and by promising to obtain validation when they had no intention of doing so.

21. By making a false or misleading representation in connection with collecting a debt and attempting to collect an unauthorized fee, John Doe #2 also violated subchapter D of the Texas Finance code section 392, specifically, 392.303(2), 392.304 and 392.304 (8). The statements in the letter were intentional, false, misleading, and likely to confuse an unsophisticated consumer.

22. In a call with a collector working for Defendant Alliance, the John Doe #3 stated that the amount owed was 307.80; that Verizon added the collection fee, that per my contract Verizon can add the fee; that Verizon receives the collection fee, and that Alliance One doesn't add anything.

23. This collector, John Doe #3 violated multiple provisions of the FDCPA to include, 15USC1692 (f)(1) by attempting to collect an unauthorized fee not incident to any actual work performed, 15 USC 1692 (e)(2) a total of five times by making five (5), false or misleading representations regarding the amount of the debt, Verizon adding the fee, that my contract states that Verizon can add the fee, that Verizon receives the collection fee, and that defendant Alliance is not adding anything.

24. By making a false or misleading representation, the defendant, John Doe #3 also violated the Texas Finance code section 394.304, 392.304(8), and 392.303(2). Note, that these statements are directly refuted by executive staff members of Verizon Wireless, where they stated that Alliance one is adding the fee, and that they only wanted $260.85.

25. In a call with a collector, John Doe #4 stated that they received my letter on July 20th. They stated that they don't investigate disputes. The statement about receiving the letter is false, misleading, and likely to confuse an unsophisticated consumer.

26. The actual date they received it was on the 14th of July, not the 20th, and the Post office has confirmed this. The statement about them not investigating disputes violated the Texas Finance Code section 392.202(a) and is evidence of their willful non-compliance with state law, which does require them to investigate disputes. By making a false or misleading representation, the collector, John Doe #4 violated the FDCPA, 15 USC 1692 (e)(2) and the Texas Finance code section 392.304

27. On another call, a collector working for Defendant Alliance, John Doe #5 stated that bills for the account are on order and will be sent out. The information they are sending won't include a contract unless I subpoena it, and the collector referenced "legalities that don't exist" in reference to debt collection laws.

4

28. This collector, John Doe #5 made three false or misleading representations violating both the FDCPA, 15 USC 1692 (e)(2) and the Texas Finance code 392.304 three times each. In the 30 day period required by the Texas Finance code and up to 90 days after the initial contact was made, no materials were received by Plaintiff Cunningham from Defendant Alliance One. Subsequent to this call, Verizon Wireless indicated that no dispute had been forwarded to them from Defendant Alliance on a subsequent date, thus no bills could be on order if Verizon hasn't received any dispute or contact from Defendant Alliance. The remarks about "legalities that don't exist" are false, misleading, likely to confuse an unsophisticated consumer and abusive violating 15 USC1692 (d) as well.

29. On another call with a collector working for Defendant Alliance, John Doe #6 a collector named "kip" or "skip" that stated that he was as a supervisor violated multiple provisions of the FDCPA and Texas Finance Code 392. This collector indicated that Verizon had indeed indicated that the debt was valid. He indicated that Plaintiff Cunningham was responsible for the illegal collection fee. He stated that he won't send Plaintiff Cunningham anything and that Plaintiff Cunningham should just trust him. He stated that he wasn't going to respond to Plaintiff Cunningham's dispute letter. He indicated that Alliance One had responded to my dispute letter by his saying that the debt is valid. He continued to collect on three occasions despite refusing to provide any validation by stating "How would you like to take care of this debt…How can I help you pay that…If you are willing to pay…" He again repeated that Verizon states that the debt is valid and that he can't show me anything.

30. This collectors, John Doe #6 action's violated the FDCPA, 15 USC 1692(e) a total of five times and Texas Finance code 392.304 a total of five times each for making five false or misleading representations regarding Verizon validating the debt, Plaintiff Cunningham's responsibility for the illegal collection fee, and by willfully refusing to "obtain and forward" validation as the statute requires and as stated in the initial collection letter, and by stating that his verbal representation of the debt being valid meets the statutory requirement of validation.

5

31. This collector, John Doe #6 also violated the validation requirement in the FDCPA, 15 USC 1692(b), three times by merely stating that the debt is valid. This is not validation, pursuant to the law. Validation must be mailed to the consumer by the debt collector; it can not be simply stated.

32. This collector, John Doe #6 violated the FDCPA 15, USC 1692 (b) and additional three times by attempting to collect on a debt before providing any validation. The law clearly states that "the debt collector shall cease collection of the debt until the debt collector obtains verification of the debt and that verification is mailed to the consumer". Despite this legal requirement, the collector stated that he is willfully refusing to mail anything, will not respond to my letter, and he can't send me anything.

33. In addition to violating Federal law, by continuing to collect without investigating, refusing to investigate, and refusing to respond to a consumer's dispute, this collector, John Doe #6 actions violated multiple provision of applicable Texas state law as well. Sections violated are 392.202(a), 392.202(b), and 392.202(e)

34. In another call with a collector working for Defendant Alliance, a collector John Doe #7 misrepresented the alleged amount of the debt by stating that it is $307.80, which included the illegal collection fee. The collector admitted that it didn't cost $46 to mail a letter, and that they didn't have a copy of the contract that they were referencing that supposedly allowed for this collection fee. They stated that Verizon added the fee, not Defendant Alliance, and that the fee was legal in Texas.

35. This collector, John Doe #7 action's violated the FDCPA, 15 USC 1692(e) a total of four times and Texas Finance code 392.304 a total of four times each for making four false or misleading representations.

36. The Attorney General of Texas has publicly stated that adding fees to a debt is not permitted in Texas, which contradicts the legality of the fee. Verizon executive staffers indicated that Defendant Alliance was adding the fee, and they were not pursing the $46 amount. This collector is attempting to add on a fee that they admittedly have no proof or basis for, since they did not have a copy of the

contract. By misrepresenting the amount of the debt, the collector violated both state and Federal law as well.

37. In another call with a collector working for Defendant Alliance, Jane Doe #8 "Hallie", this person represented that Verizon is adding the collection fee, not Defendant Alliance, she indicated that Verizon can charge whatever they want, she indicated that the source of this fee was the contract, she indicated that the fee goes to Verizon, and that Alliance gets none of it, she indicated that if I disputed, I could get a copy of the contract, she indicated that they don't investigate, they just forward disputes, and again confirmed that Verizon is charging the fee.

38. This collector, Jane Doe #8 action's violated the FDCPA, 15 USC 1692(e) a total of five times and Texas Finance code 392.304 a total of five times each for making five false or misleading representations. Verizon directly contradicted the statements by Defendant Alliance and their collectors by stating that they are not charging the fee. By admitting that they don't investigate, they are again demonstrating their non-compliance with the Texas Finance code 392.202. It is false, misleading, and likely to confuse the least sophisticated consumer to suggest that Verizon can charge whatever they want for a collection fee. This is directly refuted by the Attorney General of Texas. By stating that they will send a copy of a contract, they directly contradict the statements of other agents that stated that I must subpoena the contract

39. Interestingly enough, these conversations contrast sharply with what Verizon Wireless had to say about the account. Verizon stated that they were only seeking $260.85, and that Alliance One added the "collection fee" and that Verizon Wireless didn't see any part of the collection fee. The Verizon representative stated that Alliance One adds up to 30% as a "collection fee" Based on this representation by Verizon, each and every collector for Alliance one committed a false and misleading representation by stating that it was Verizon adding the fee, when in fact it was Alliance one adding the fee and profiting from it.

32. In the state of Texas, according to the Attorney General and the laws of the state, it is illegal to add any charge or fee to a debt, which is not related to an expense actually incurred. In these calls during this timeframe, numerous

representatives of defendant Alliance indicated on several occasions that they in fact did not incur $46.95 dollars in costs for mailing a letter, but despite this disconnect between the actual costs of collecting and the charge they were trying to collect, they still represented that it was true and valid.

40. It is an unfair practice, according to the FDCPA to attempt to charge a fee that is incident to the principal obligation, unless that fee is contractually authorized and permitted by law. The collectors have stated that they did not in fact incur $46 in costs by mailing one letter, the Attorney General of Texas states that charging extra fees are not permitted, unless they are incident to actual costs incurred and in the agreement, and case law supports the interpretation that "collection fees" must be related to an actual expense incurred.

41. Further, absent any contract from the defendant, it cannot be ascertained if any contractual obligation to pay this fee exists. Further still, if it is a percentage fee, this is still an unfair and illegal practice, according to the FDCPA and case law interpretations, and would void this said contract.

42. In total, collectors working for Defendant Alliance committed over 26 false or misleading representations, engaged in unfair practices multiple times by attempting to collect an amount that is not permitted by both state and Federal laws, continued to collect on at least 3 occasions, called after being notified that subsequent calls were inconvenient, all of which constitute numerous FDCPA and Texas Finance code 392 violations and indicate pattern of willful misconduct and disregard for consumer protection laws.

43. Defendant Alliance violated Texas State law 5 times by misrepresenting the amount of a debt in the initial collection letter, by trying to collect an unauthorized collection fee prohibited by state law, not investigating a dispute, not completing the investigation within 30 days, and not sending the results of the investigation within 30 days, since one was not conducted in the first place.

44. The supervisors of Defendant John Does 1-8 have a duty and responsibility to supervise and ensure compliance with Federal and state laws.

45. The conduct of Defendant Alliance and John Does 1-15 in this affair violated multiple provisions of the Fair Debt Collection Practices Act, including but not

limited to: 15 U.S.C 1692e, 15 U.S.C 1692e(5), and 15 U.S.C 1692g(b). The conduct of Defendant Alliance in this affair violated multiple provisions of the Texas Finance Code, including but not limited to: 392.301(8), 392.202(a), 392.202(b), 392.202(e), and 392.304.

## CAUSES OF ACTION
## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C 1692 Et Seq.

46. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.
47. The foregoing acts and omissions of each and every John Doe Defendant constitutes numerous and multiple violations of the Fair Debt Collection Practices Act, including, but not limited to each and every one of the above cited provisions of the Fair Debt Collection Practices Act, 15 U.S.C 1692 et seq.
48. As a result of each and every one of the Defendants' violations of the Fair Debt Collection Practices Act, Plaintiff Cunningham is entitled to statutory damages in the amount up to $1,000 from each and every defendant, pursuant to 15 U.S.C 1692k (a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C 1692k(a)(3) from each and every Defendant herein.

## COUNT II

## VIOLATIONS OF THE TEXAS FINANCE CODE 392

49. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.
50. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the Texas Finance Code, including but not

limited to, each and every one of the above-cited provisions of the Texas Finance Code 392 et seq.

51. As a result of each and every one of the Defendants' violations of the Texas Finance Code, Plaintiff Cunningham is entitled to statutory damages not less than $100 for each and pursuant to the Texas Finance Code 392.403, and reasonable attorney's fees and costs pursuant to from each and every Defendant herein. Plaintiff Cunningham humbly requests the court to find $1,000 per violation to be a reasonable amount for statutory damages under the Texas Finance code.

52. As a result of the above willful violations of federal law, the Defendant is liable to the Plaintiff for injunctive relief, declaratory relief, actual damages, statutory damages, punitive damages and costs.

## XVII. PRAYER FOR DAMAGES AND RELIEFS

53. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants, John Doe 1-15, and Defendant Alliance, for the following:

A. Declaratory judgment that Defendant Alliance one's conduct violated the Texas finance code 392.

B. Declaratory judgment that Defendant John Doe's 1-15's conduct violated the Fair Debt Collection Practices act and Texas Finance Code.

B. Statutory damages against for violations of the Texas Finance Code 392 Alliance One for $5,000.

C. Statutory damages against each and every defendant, and the supervisors of the respective collectors for all Fair Debt Collection Practices Act Claims pursuant to 15 U.S.C. § 1692k in the amount of $15,000.

D. Punitive damages against Defendant Alliance One in the amount of $10,000 or further relieve that the court may deem just and proper.

E. Statutory damages against each and every defendant for all Texas Finance code claims, pursuant to 392.403, 392.202, 392.202(a), 392.202(b), 392.202(e), 392.304(8), and 392.303(2), in the amount of $1,000 per violation or a total of $29,000.

F. Costs of bringing this action pursuant to 15 U.S.C. § 1692k; the Texas Finance Code section 392.403.

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Craig Cunningham
Plaintiff, Pro Se

## REQUEST FOR JURY TRIAL

Please take notice that Plaintiff, Cunningham, requests a trial by jury in this action.

Craig Cunningham
Plaintiff, Pro Se

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Craig Cunningham
PO Box 220158
El Paso, Tx 79913
313-268-1465

7/9/07
Date